### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DWIGHT ANDRE CAMPBELL,

      Petitioner,

      v.

SUPERINTENDENT SCI DALLAS,[1]

      Respondent.

No. 4:25-CV-00702

(Chief Judge Brann)

### MEMORANDUM OPINION

### APRIL 13, 2026

Dwight Andre Campbell initiated this action by filing a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. He purports to challenge his alleged pretrial detention on state-law charges for which he has not yet been tried. Campbell, however, has already asserted similar challenges in the United States District Court for the Western District of Pennsylvania in a nearly identical habeas petition. The Court will therefore dismiss his Section 2241 petition under the abuse-of-the-writ doctrine.

---

[1]    Because Campbell is currently incarcerated at SCI Dallas, (*see* Doc. 48 at 3), and the superintendent of that facility is the only proper respondent in this Section 2254 habeas action, the Court will substitute "Superintendent SCI Dallas" as the correct respondent. *See Barry v. Bergen Cnty. Probation Dep't*, 128 F.3d 152, 162 (3d Cir. 1997) (citing *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494-95 (1973)); 28 U.S.C. § 2254 Rule 2(a); *see also* 28 U.S.C. § 2242.

## I.    BACKGROUND AND PROCEDURAL HISTORY

Campbell is incarcerated at the State Correctional Institution in Dallas, Pennsylvania (SCI Dallas).  He is currently serving a term of imprisonment of 3 to 25 years.  That sentence was entered on January 6, 2023, by the Court of Common Pleas of Blair County, Pennsylvania, after Campbell pled guilty to—among other offenses—possession with intent to deliver, dealing with proceeds of unlawful activities, retaliation against a witness, and terroristic threats.[2]

Campbell is also facing separate state charges of aggravated assault, reckless endangerment, and possession with intent to deliver a controlled substance, likewise filed against him in Blair County, Pennsylvania.[3]  He has yet to be tried on those charges.[4]

Although the details are somewhat unclear, it appears that in March 2022, Campbell was arrested in Michigan by the United States Marshal Service.[5]  He was held briefly in Macomb County Jail in Mount Clemens, Michigan, and then physically transported to Pennsylvania by Logan Township police following an extradition hearing.[6]

---

[2] *See Commonwealth v. Campbell*, Nos. CP-07-CR-0002648-2019, CP-07-CR-0001328-2020, CP-07-CR-0001710-2020 (Pa. Ct. Com. Pl. Blair Cnty.); Doc. 1 at 1, 8.
[3] *See Commonwealth v. Campbell*, No. CP-07-CR-0000749-2022 (Pa. Ct. Com. Pl. Blair Cnty.); Doc. 1 at 1.
[4] *See generally Campbell*, No. CP-07-CR-0000749-2022 (Pa. Ct. Com. Pl. Blair Cnty.).
[5] *See* Doc. 6 at 2.
[6] *See id.*

On February 28, 2025, Campbell lodged the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Michigan, the district where he had been incarcerated before his extradition to Pennsylvania.[7]  The Eastern District of Michigan transferred Campbell's Section 2241 petition to this Court, as the state correctional institution where Campbell was incarcerated when he filed his petition is located in the Middle District of Pennsylvania.[8]  In that transfer order, the Eastern District of Michigan additionally determined that Campbell's habeas claims challenging his extradition were moot.[9]

Although Campbell discussed his 2023 Blair County convictions and sentence in his Section 2241 petition and appeared to collaterally attack certain aspects of that judgment, the Court admonished Campbell that a Section 2241 petition is an inappropriate procedural vehicle to raise such challenges.[10]  The Court explained to Campbell that if he seeks to collaterally attack his 2023 Blair County judgment of sentence in federal court, he must file a petition for a writ of habeas corpus under 28 U.S.C. § 2254 alleging that he is "in custody pursuant to

---

[7]    *See* Doc. 1 at 1.
[8]    *See* Doc. 6 at 5; 28 U.S.C. § 118(b); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.").
[9]    *See* Doc. 6 at 4 n.2 (citing *Barton v. Norrod*, 106 F.3d 1289, 1298 (6th Cir. 1997); *Perry v. Brothers*, No. 11-4064 (FLW), 2012 WL 1533861, at *3 (D.N.J. Apr. 30, 2012)).
[10]    *See* Doc. 19 at 3.

the *judgment of a State court . . .* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[11]

Because Campbell's initial Section 2241 petition was "hopelessly commingled and confused" with claims that were moot and others that improperly challenged his 2023 Blair County judgment, the Court directed Campbell to file an amended Section 2241 petition limited to claims challenging his alleged pretrial detention in case number CP-07-CR-0000749-2022.[12]

Campbell filed a lengthy amended petition several weeks later.[13] Respondent timely answered Campbell's petition,[14] and Campbell filed a traverse.[15]  His Section 2241 petition is now ripe for disposition.

## II.    STANDARD OF REVIEW

Although federal habeas corpus is often a post-conviction remedy, a state prisoner detained on pending criminal charges can challenge his pretrial detention under 28 U.S.C. § 2241.[16]  Like post-conviction federal habeas petitions, state-court exhaustion is required for such pretrial habeas challenges.[17]  In the absence of exhaustion, pretrial habeas jurisdiction should not be exercised "unless

---

[11]   *See id.* (quoting 28 U.S.C. § 2254(a)).
[12]   *See id.* at 4-5.
[13]   *See generally* Doc. 23.
[14]   Doc. 41.
[15]   Doc. 43.
[16]   *See Moore v. DeYoung*, 515 F.2d 437, 441-43 (3d Cir. 1975) (citing, *inter alia*, *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484 (1973)); *Martinez v. Caldwell*, 644 F.3d 238, 242 (5th Cir. 2011).
[17]   *See Moore*, 515 F.2d at 442.

extraordinary circumstances are present."[18]  Where there are no extraordinary

circumstances, a district court should exercise its pretrial habeas jurisdiction "only

if petitioner makes a *special showing* of the need for such adjudication and has

exhausted state remedies."[19]  District courts must exercise pretrial habeas

jurisdiction sparingly to prevent "interference by federal courts in the normal

function of state criminal processes."[20]

## III.    DISCUSSION

Campbell raises a host of challenges to the pending Blair County charges.

He asserts Fourth Amendment issues regarding his arrest warrant and seizure,

alleged perjury, excessive bail, ineffective assistance of counsel, numerous due

process claims, speedy trial issues, and alleged violations of various federal

statutes.  But his pretrial Section 2241 petition is procedurally barred and therefore

must be dismissed.

### A.    "In custody" Requirement

Initially, the Court observes that Campbell has not sufficiently established

that he can satisfy the "in custody" requirement for habeas relief under Section

2241.[21]  No doubt Campbell is incarcerated.  However, it is unclear whether

---

[18]  *Id.* at 443.
[19]  *Id.* (emphasis added).
[20]  *Id.* at 445-46.
[21]  *See* 28 U.S.C. § 2241(c)(3) (requiring that petitioner show that he "is in custody in violation of the Constitution or laws or treaties of the United States").

Campbell is "in custody"—*i.e.*, being held in pretrial detention—for his pending charges at CP-07-CR-0000749-2022, or whether he is simply serving his 3- to 25-year sentence for his January 2023 convictions.[22]  The latter is more likely.[23]

Neither party addresses this threshold issue, so the Court is unable to make an informed determination on it.  Assuming Campbell can be considered "in custody" for the instant Section 2241 petition, his petition fails for the simple reason that it is an abuse of the writ.

### B.    Abuse-of-the-Writ Doctrine

Second or successive post-conviction federal habeas petitions are tightly circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).[24]  Those specific AEDPA limitations, however, do not apply to Section 2241 petitions.[25]  Rather, the "abuse-of-the-writ" doctrine applies to multiple or successive Section 2241 petitions.[26]  That doctrine generally prohibits a petitioner from raising claims in a Section 2241 petition that could have been resolved in a previous action.[27]  And while AEDPA's second-or-successive gatekeeping does

---

[22]    *See Campbell v. Blair Cnty. Ct. of Common Pleas*, No. 3:25-cv-00007, Doc. 13 at 3 (W.D. Pa. Dec. 3, 2025) (noting that Campell is not "in custody" on his pending charges at CP-07-CR-0000749-2022 but rather is serving his 3- to 25-year sentence).

[23]    *See id.*

[24]    28 U.S.C. §§ 2241-2254; *see id.* §§ 2244(b), 2255(h).

[25]    *See Zayas v. I.N.S.*, 311 F.3d 247, 255 (3d Cir. 2002).

[26]    *See Anariba v. Director Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 442 (3d Cir. 2021).

[27]    *Id.*

not apply to Section 2241 petitions, application of the abuse-of-the-writ doctrine is "expected to yield a resolution in harmony with AEDPA."[28]

Campbell is a serial *pro se* litigant. He has filed numerous civil rights cases and habeas corpus petitions in this Court and in the United States District Court for the Western District of Pennsylvania. In particular, he filed *Campbell v. Blair County Court of Common Pleas*, No. 3:25-cv-00007 (W.D. Pa.), in late December 2024. In that habeas action, he challenged his alleged pretrial detention for the pending charges at CP-07-CR-0000749-2022.[29] His petition asserted many of the same claims he is raising in the instant Section 2241 petition, *e.g.*, unlawful seizure, perjury, speedy trial issues, due process, excessive bail, *etc.*[30] The Western District of Pennsylvania ultimately denied that petition on the merits in December 2025 and likewise denied a certificate of appealability.[31]

The pretrial habeas case before this Court is essentially a mirror image of case number 3:25-cv-00007. Yet Campbell is not permitted two bites at the Section 2241 apple when all the claims asserted in the instant petition were either raised in case number 3:25-cv-00007 or could have been raised therein. The Section 2241 petition before this Court is thus a quintessential example of abuse of

---

[28]  *Id.* (quoting *Zayas*, 311 F.3d at 257).
[29]  *See Campbell*, No. 3:25-cv-00007, Doc. 1 at 1 (W.D. Pa. Jan. 8, 2025); *id.*, Doc. 7 at 2 (W.D. Pa. Jan. 30, 2025). Although Campbell labeled his petition as one under 28 U.S.C. § 2254, it was plainly challenging pending state charges (not a state conviction and sentence) and thus was—in substance—a Section 2241 petition. *See id.*, Doc. 7 at 2 (W.D. Pa. Jan. 30, 2025).
[30]  *See id.*, Doc. 1 at 8-13 (W.D. Pa. Jan. 8, 2025).
[31]  *See generally id.*, Docs. 13, 14 (W.D. Pa. Dec. 3, 2025).

the writ, and AEDPA principles would not implicate a different resolution. Therefore, Campbell's Section 2241 petition must be dismissed.[32]

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Campbell's petition for a writ of habeas corpus under 28 U.S.C. § 2241 pursuant to the abuse-of-the-writ doctrine.  The Court likewise declines to issue a certificate of appealability, as Campbell has failed to make a substantial showing of the denial of a constitutional right,[33] or that "jurists of reason would find it debatable" whether this Court's procedural ruling is correct.[34]  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[32]    *See Zayas*, 311 F.3d at 258 (affirming dismissal of Section 2241 petition for abuse of the writ).
[33]    28 U.S.C. § 2253(c)(2).
[34]    *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).